THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI HUSSIEN ISSAK,<br><br>Plaintiff,<br>v.<br><br>BARNES & NOBLE DOWNTOWN, *et al.*,<br><br>Defendants. | CASE NO. C17-0315-JCC<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on Plaintiff Ali Hussien Issak's objections (Dkt. No. 14) to the report and recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 12), as well as Issak's subsequent amended complaint (Dkt. No. 15). For the reasons explained herein, the report and recommendation (Dkt. No. 12) and objections (Dkt. No. 14) are DISMISSED as moot, and the amended complaint (Dkt. No. 15) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

I.  **BACKGROUND**

Plaintiff Ali Hussien Issak is a state prisoner presently confined at the King County Correctional Facility on charges of shoplifting at a Barnes & Noble store. (Dkt. No. 15 at 2.) After his arrest, Issak sued Barnes & Noble, a private company, and Joseph Wilder and Dustin Wade, private citizens employed by Barnes & Noble. (Dkt. No. 1-1 at 1; Dkt. No. 15 at 2.) He

ORDER OF DISMISSAL
PAGE - 1

asserted claims of racial profiling, defamation of character, falsified police report, unlawful imprisonment, and emotional distress under 42 U.S.C. § 1983. (Dkt. No. 1-1 at 3.)

Judge Tsuchida declined to serve the complaint because Issak failed to state a claim upon which relief may be granted. (Dkt. No. 7 at 1.) Because Issak was *pro se*, Judge Tsuchida granted him leave to file an amended complaint. (*Id.*) In response, Issak moved for leave to file an amended complaint under 42 U.S.C. § 1984. (Dkt. No. 8.) This request was apparently due to a scrivener's error in Judge Tsuchida's order declining service and granting leave to amend. (*See* Dkt. No. 7 at 1; Dkt. No. 8 at 1-2.)

Because Issak did not identify a state actor and because Issak has a state criminal trial currently pending, Judge Tsuchida recommended that this action be dismissed with prejudice for failure to state a claim. (Dkt. No. 12 at 1-2.) Issak objected, stating that he was mistaken in his initial complaint and reiterating that he meant to file his claim under § 1984. (Dkt. No. 14 at 1.)

However, a week later, Issak submitted an amended complaint that 1) reasserted his claims under § 1983; 2) named a state actor, Seattle Police Department Officer Kennedy Elizabeth; 3) restated his claims against Barnes & Noble, Wilder, and Wade; and 4) alleged that Defendants acted in concert. (Dkt. No. 15 at 2-4.) The Court accepted this amended pleading as the operative complaint going forward. (Dkt. No. 16 at 1.)

## II. DISCUSSION

### A. Report and Recommendation/Objections

Judge Tsuchida's recommendation and Issak's objections pertained to the earlier version of Issak's complaint, where he did not name a state actor and mistakenly endeavored to assert claims under § 1984. Given that the Court has accepted Issak's amended complaint, which attempts to address these issues, the Court DISMISSES the report and recommendation (Dkt. No. 12) and the objections (Dkt. No. 14) as moot and looks to Issak's amended complaint (Dkt. No. 15) to determine whether this case shall be maintained.

//

ORDER OF DISMISSAL
PAGE - 2

### B. Amended Complaint

Turning to the amended complaint, the Court finds that Issak fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To sustain a § 1983 claim, Issak must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Moreover, the allegations in Issak's complaint must suggest that the claim has "at least a plausible chance of success." *In re Century Aluminum Co.*, 729 F.3d 1104, 1107 (9th Cir. 2013). Put differently, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although Judge Tsuchida's report and recommendation was mooted by the amended complaint, his analysis is still relevant and helpful to the Court's current analysis. First, Issak's claims remain insufficiently pleaded against the Defendants who are not state actors. Private citizens are generally not liable under § 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Issak's amended complaint makes the conclusory statement that Defendants acted "in concert" but, beyond that, alleges no factual content allowing the Court to reasonably infer liability as to the private actors. This is not enough.

Furthermore, under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), it is inappropriate for this Court to interfere with ongoing state criminal proceedings absent extraordinary circumstances. This Court must abstain when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise constitutional issues. *Id.* at 43-54. As Judge Tsuchida stated, "[t]here is no indication that Mr. Issak does not have an adequate

opportunity to present his constitutional claims" in his pending state trial. (Dkt. No. 12 at 3.) Thus, this Court must abstain from addressing his claims.

### III. CONCLUSION

For the foregoing reasons, the report and recommendation (Dkt. No. 12) and objections (Dkt. No. 14) are DISMISSED as moot. Issak's amended complaint (Dkt. No. 15) fails to state a claim upon which relief can be granted. Accordingly, this action is DISMISSED WITH PREJUDICE and without leave to amend. This dismissal counts as a strike under 28 U.S.C. § 1915(g). The Court need not address the pending motion for appointment of counsel (Dkt. No. 9). The Court directs the Clerk to CLOSE this case and to SEND a copy of this order to Issak and to Judge Tsuchida.

DATED this 23rd day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE